VASCOCU<br>v.<br>SMITH.

---

NEW ORLEANS AND CARROLLTON RAILROAD COMPANY *v.* ARMSTRONG, Syndic.

Where the endorser of a note, after discharge, gives a written promise to pay the debt, and the note and written promise are subsequently lost, no recovery can be had but upon proof that the loss of the written promise had been advertised within a reasonable time, and proper means taken to recover possession of the instrument.  It is not enough that the loss of the note was duly advertised.  C. C. 2259.

APPEAL from the District Court of Avoyelles, *Farrar,* J.  *Généres,* for the plaintiffs.  *Taylor* and *Swayze,* for the appellant.  The judgment of the court was pronounced by

NEW ORLEANS
AND
CARROLLTON
RAILROAD
COMPANY
v.
[ARMSTRONG.

KING, J. *Briggs* was an endorser on a promissory note made by *Orr*, of which the plaintiffs were the holders. At the maturity of the note no steps were taken to fix the liability of the endorsers. *Briggs*, after having been informed of his discharge, gave a promise in writing to hold himself liable for the payment of the note. Both the note and the written promise of *Briggs* were subsequently lost. The loss of the former only was duly advertised. This suit is instituted against the defendant, as syndic of *Briggs*, to recover the amount of this lost note. On the part of the defence, it is contended that the written promise of *Briggs*, made after his discharge, having been lost, the plaintiffs could only recover upon showing that the loss had been advertised. A judgment was rendered in favor of the plaintiffs, from which the defendant has appealed.

We think that the district judge erred. *Briggs* had been completely discharged from his liability as endorser, and his obligation to pay the note of *Orr* arose from his subsequent promise, made with a full knowledge of his discharge. That written promise was the foundation of the suit; and it was an indispensable prerequisite to a recovery upon it, that its loss should have been advertised within a reasonable time, and proper means taken to recover possession of the instrument. No such advertisement appears to have been made. C. C. art. 2259. *Lewis* v. *Splane*, *ante* p. 754.

It is therefore ordered that the judgment of the District Court be reversed. It is further ordered that there be judgment against the plaintiffs as in case of non-suit, said plaintiffs paying the costs of both courts.